Branch v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-054-CR

     TARRANCE BRANCH,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

 From the 40th District Court
Ellis County, Texas
Trial Court # 19,425CR
                                                                                                    

O P I N I O N
                                                                                                    

      Tarrance Branch appeals his conviction for murder. Branch, a sixteen-year-old juvenile who
was certified to stand trial as an adult, was charged with causing the death of James Frazier, Jr.
by shooting him with a .25 caliber pistol on July 29, 1992. The case was tried before a jury that
found Branch guilty of murder and returned a verdict of ninety-nine years imprisonment. We
overrule the appellant's single point of error and affirm the judgment of the trial court.
      The victim, James Frazier, Jr., was working as a lifeguard at the Penn Park Pool in
Waxahachie on July 29, 1992. Frazier informed the supervisor of the pool that Branch, who had
been diving into the pool from the lifeguard stand, should be ejected from the pool for the
remainder of the pool's season. The supervisor informed Branch that he would not be allowed to
return to the pool for the remainder of the season but allowed him to remain in the pool area to
dry off in the sun. While Branch was drying, Frazier and Branch became embroiled in an
argument. During the course of this argument an acquaintance handed Branch a .25 caliber pistol. 
Branch testified that Frazier then approached him and shoved him with his forearm. The gun
discharged once, and the bullet struck Frazier in the center of the chest, pierced his heart and
resulted in Frazier's death a short time later. Branch contends that the shooting was accidental,
and that the gun went off as a result of being shoved by Frazier.
      In his only point of error, Branch asserts that the trial court abused its discretion in admitting
several photographs over his objection that the probative value of the photographs was
substantially outweighed by the danger of unfair prejudice. The relevancy of the photographs is
not before this court.
      The approach under Rule 403 of the Texas Rules of Criminal Evidence is to admit relevant
evidence unless its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence. Tex. R. Crim. Evid. 403; Long v. State, 823 S.W.2d 259,
271 (Tex. Crim. App. 1991), cert. denied, __ U.S.__, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992);
Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (on rehearing) (citing Crank
v. State, 761 S.W.2d 328, 342 n.5 (Tex. Crim. App. 1988)). 
      As is clear on its face, Rule 403 excludes relevant evidence only when its prejudicial effect
substantially outweighs its probative value. Rule 403 favors the admissibility of relevant evidence,
and the presumption is that relevant evidence will be more probative than prejudicial. Long, 823
S.W.2d at 271; Montgomery, 810 S.W.2d at 389. Two important concepts form the basis of this
presumption. First, virtually all evidence proffered by a party to a lawsuit will be prejudicial to
the opposing party. Montgomery, 810 S.W.2d at 378 (Tex. Crim. App. 1990). Second, Rule 403
excludes what would otherwise be relevant evidence only when it is unfairly prejudicial to the
opposing party—that is, when its prejudicial effect substantially outweighs its probative value. See
Tex. R. Crim. Evid. 403. In Long, the Court of Criminal Appeals listed nine factors to be
considered in determining the prejudicial effect of photographic evidence:

            (1) the number of exhibits;
            (2) their gruesomeness;
            (3) their detail;
            (4) their size;
            (5) whether they are black and white or color
            (6) whether they are close-up
            (7) whether the body is naked or clothed
            (8) the availability of other means of proof; and
            (9) the circumstances unique to each individual case.
Long, 823 S.W.2d at 272. These factors are to be balanced against "the host of factors affecting
probativeness, including relative weight of the evidence and the degree to which its proponent
might be disadvantaged without it." Fuller v. State, 829 S.W.2d 191, 206 (Tex. Crim. App.
1992), cert. denied, __U.S.__, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993) (citing Montgomery, 810
S.W.2d at 389-390). The ultimate determination, however, rests on "the inherent tendency that
some evidence may have to encourage resolution of material issues on an inappropriate basis and
should balance carefully against it." Fuller, 829 S.W.2d at 206. 
      Turning now to the present case, Branch challenges the trial court's admission of State's
exhibits 16 through 21, 32, 34, and 38. Exhibits 16 through 21 are 3½-by-5-inch color
photographs of the victim's body. Two of the photographs (Exhibits 16 and 19) show the
unclothed torso and head of the victim. Three of the photographs (Exhibits 17, 18, and 21) show
just the unclothed torso of the victim. The sixth photograph (Exhibit 20) shows the victim's
unclothed back left shoulder and neck region. The first five photographs show from various
angles both the bullet wound inflicted by the appellant and the "defensive wounds" inflicted by
medical personnel in attempting to save the victim's life. The sixth picture shows a small portion
of the defensive wounds only. Various amounts of blood are visible on the victim's body in all
six of the pictures.
      Exhibits 32 and 34 are photographs of the victim's body taken during the autopsy. Exhibit
32 is an 8-by-12-inch color photograph of the victim's unclothed torso and head. Both the bullet
wound and the defensive wounds are clearly visible in the photograph as is a modest amount of
blood. Exhibit 34 is also an 8-by-12-inch color photograph of the victim's body. It is a close-up
of the bullet wound and shows the upper half of the victim's unclothed torso and the lower half
of the victim's unclothed head. Part of the defensive wounds of the victim are also visible in this
picture.
      Exhibit 38 is a 6-by-8½-inch black and white photograph of the victim's father walking
behind the stretcher on which his son is being carried from the scene of the shooting to the
ambulance. Only the victim's head and the lower half of his legs are visible in the picture.
      Branch does not challenge the probative value of the photographs on the basis of the first eight
Long factors. Instead, Branch asserts, with neither controlling authority nor persuasive
elaboration, that the probative value of the photographs is substantially outweighed by the danger
of unfair prejudice because of the circumstances unique to this individual case. We have reviewed
the original exhibits, and we disagree.


 In considering the probative value of the evidence, it is
doubtful that the State's case would have been rendered significantly less persuasive without the
introduction of these photographs because at trial the appellant did not contest that he shot the
victim once in the chest, that the bullet pierced the victim's heart, or that the victim died as a
result. It is unlikely that jurors would have harbored doubts about the cause of death absent the
pictures in question. The probative value of these photographs, therefore, was not that great. 
      Nevertheless, we are not persuaded that the photographs likely influenced the jurors in this
cause to decide essential issues on an impermissible basis. The photographs are not, in our
estimation, so horrifying or appalling that a juror of normal sensitivity would necessarily
encounter difficulty rationally deciding the critical issues of this case after viewing them. See
Fuller, 829 S.W.2d at 206; see also Barnes v. State, No. 71,291, slip op. at 16 (Tex. Crim. App.
Feb. 9, 1994). We overrule Branch's single point of error and affirm the judgment of the trial
court.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 16, 1994
Do not publish